T.C. Summary Opinion 2006-90


UNITED STATES TAX COURT


JUANITA DOBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17756-03S.                    Filed May 25, 2006.


Juanita Doby, pro se.

<u>Noelle C. White</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,739 for the taxable year 2000.

After concessions,[1] the issues for decision are: (1) Whether petitioner is liable for tax on payments in the amount of $3,146.04 received from The Equitable Benefits Payment Services pursuant to her deceased husband's PEPCO pension plan; and (2) whether petitioner is liable for tax on individual retirement account (IRA) distributions received during taxable year 2000 totaling $11,400. The amount of petitioner's Social Security benefits received during 2000 that must be included in her gross income is a computational matter and will be resolved by the parties after taking into account the concessions and our decision on the other issues in this case.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in

---

[1]At trial and in the stipulation of facts, petitioner conceded: (1) She received $12 of interest income from Educational Systems Federal Credit Union during the 2000 tax year; (2) she received $10 interest income from Household Bank during the 2000 tax year; and (3) she was liable for tax on discharge of indebtedness income in the amount of $1,137, which was the result of Worldwide Financial Services' canceling a debt owed by petitioner during taxable year 2000. Also at trial, respondent conceded that petitioner was entitled to claim a child care credit and a child tax credit.

Lanham, Maryland, on the date the petition was filed in this case.

In taxable year 2000, petitioner received $3,146 in survivor annuity payments from the "General Retirement Plan for Employees of Potomac Electric Power Company". The financial institution distributing the annuity payments, The Equitable Benefits Payment Services, issued a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc., to petitioner with respect to the annuity payments. The Form 1099-R reported $3,146 in fully taxable benefits paid to petitioner during the 2000 tax year. In addition, the Form 1099-R reported no employee contributions. Petitioner's spouse did not make any contributions to the plan. Furthermore, the "General Retirement Plan for Employees of Potomac Electric Power Company" states that employee contributions to the plan are not allowed.

Also during taxable year 2000, petitioner received IRA distributions from Educational Systems Employees Credit Union totaling $11,400. Educational Systems Employees Credit Union issued to petitioner a Form 1099-R with respect to the IRA distributions. The Form 1099-R reported $11,400 in fully taxable distributions dispensed to petitioner during the 2000 tax year.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year. In the 2000 return,

petitioner filed as a "qualifying widow with dependent child".

Petitioner's spouse died in 1999.  On her 2000 Form 1040,

petitioner did not report the $3,146.04 payments received from

The Equitable Benefits Payment Services pursuant to her deceased

husband's PEPCO pension plan, nor did she report the IRA

distributions received from Educational Systems Employees Credit

Union totaling $11,400.

## Discussion

In general, the Commissioner's determination set forth in a

notice of deficiency is presumed correct.  Welch v. Helvering,

290 U.S. 111, 115 (1933).  In pertinent part, Rule 142(a)(1)

provides the general rule that "The burden of proof shall be upon

the petitioner".  In certain circumstances, however, if the

taxpayer introduces credible evidence with respect to any factual

issue relevant to ascertaining the proper tax liability, section

7491 places the burden of proof on the Commissioner.  Sec.

7491(a)(1); Rule 142(a)(2).  Credible evidence is "'the quality

of evidence which, after critical analysis, * * * [a] court would

find sufficient * * * to base a decision on the issue if no

contrary evidence were submitted'".[2]  Baker v. Commissioner, 122

T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C.

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer.  See Bernardo v. Commissioner, T.C. Memo. 2004-199.

438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the present case.

1. Pension Plan Payments

Section 61(a) specifies that, "Except as otherwise provided", gross income includes "all income from whatever source derived". The construction of section 61 is broad, and any "'exclusions to income must be narrowly construed.'" Commissioner v. Schleier, 515 U.S. 323, 328 (1995)(quoting United States v. Burke, 504 U.S. 229, 248 (1992)(Souter, J., concurring in judgment)). Taxpayers seeking an exclusion from gross income must demonstrate that they are eligible for the exclusion and bring themselves "within the clear scope of the exclusion". Dobra v. Commissioner, 111 T.C. 339, 349 n.16 (1998).

Section 61(a)(9) and (11) provides that annuities and pensions are among the forms of income within the purview of section 61(a). Section 72 pertaining to annuities and pensions (section 61(a)(9) and (11)) sets forth specific rules applicable to taxation of, inter alia, annuities and distributions from

qualified employer retirement plans.  See also sec. 402(a).

Section 72(a) reiterates the general rule of inclusion in gross

income, unless otherwise provided.  Section 72(b),[3] however,

provides that portions of annuity payments may be excludable from

income.  The excludable portion of a payment generally is that

portion which bears the same ratio to such payment as the

"investment in the contract" bears to the expected return under

the contract, determined at the time the annuity payments begin.

Sec. 72(b)(1).  While the term "investment in the contract" is

defined generally as "the aggregate amount of premiums or other

consideration paid for the contract", sec. 72(c)(1)(A),

contributions made by an employer on behalf of an employee-

taxpayer which were not includable in the taxpayer's gross income

generally are not part of the taxpayer's investment in the

contract, sec. 72(f).

In 2000, petitioner received $3,146 in survivor annuity

payments from the "General Retirement Plan for Employees of

---

[3]SEC. 72.  ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT AND LIFE
        INSURANCE CONTRACTS.

    *    *    *    *    *    *    *

    (b)  Exclusion Ratio.--
    (1) In general.--Gross income does not include
that part of any amount received as an annuity under an
annuity, endowment, or life insurance contract which
bears the same ratio to such amount as the investment
in the contract (as of the annuity starting date) bears
to the expected return under the contract (as of such
date).

Potomac Electric Power Company". The Form 1099-R issued to petitioner by Equitable Benefits Payment Services with respect to the annuity payments shows that the $3,146 benefits paid to petitioner are fully taxable, and there were no employee contributions. Furthermore, the "General Retirement Plan for Employees of Potomac Electric Power Company" provides that employee contributions to the plan are not allowed, and petitioner testified that her spouse did not make any contributions to the plan.

Petitioner did not report the annuity payments as income on her 2000 Federal income tax return. Instead, petitioner argues that the annuity payments are under the purview of section 101(b) and therefore are not taxable.

Prior to repeal, section 101(b) read as follows:

(b) EMPLOYEES' DEATH BENEFITS.--

(1)General Rule.--Gross income does not include amounts received (whether in a single sum or otherwise) by the beneficiaries or the estate of an employee, if such amounts are paid by or on behalf of an employer and are paid by reason of the death of the employee. * * *

However, this subsection does not apply to the case at hand because it was repealed by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1402(a), 110 Stat. 1789. The death benefit exclusion applies only to beneficiaries of decedents that died prior to August 21, 1996. See Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1403(b), 110

Stat. 1791.  Petitioner's spouse died in 1999.  Therefore, the present annuity payments are not subject to the death benefit exclusion provided by section 101(b).

Furthermore, petitioner has not provided any evidence that she or her spouse had an "investment in the contract".  Also, petitioner has not demonstrated that the annuity payments she received are within any exclusion.  Therefore, the present annuity payments are taxable, and respondent's determination on this issue is sustained.

## 2.  IRA Distributions

As previously stated, gross income includes all income from whatever source derived.  Sec. 61(a).  Section 61(b) specifically includes items included under section 72 (relating to annuities and IRAs).

As a general rule, amounts paid or distributed out of individual retirement plans, including IRAs, are included in gross income when received by the payee or distributee under provisions of section 72.  Sec. 408(d)(1).  The regulations provide in relevant part as follows:

> Except as otherwise provided in this section, any amount actually paid or distributed or deemed paid or distributed from an individual retirement account or individual retirement annuity shall be included in the gross income of the payee or distributee for the taxable year in which the payment or distribution is received.

Sec. 1.408-4(a)(1), Income Tax Regs.

In 2000, petitioner received IRA distributions from Educational Systems Employees Credit Union totaling $11,400. The Form 1099-R issued to petitioner by Educational Systems Employees Credit Union with respect to the IRA distributions shows that the distributions totaling $11,400 are fully taxable. Petitioner does not dispute that she received the IRA distributions.

Petitioner did not report the IRA distributions as income on her 2000 Federal income tax return. Instead, petitioner claims that the distributions received during 2000 are from amounts rolled over during taxable year 1999 from her deceased spouse's sec. 401(k) plan into her IRA with Educational Systems Employees Credit Union. Further, petitioner claims that these amounts can be traced to after-tax contributions. Therefore, petitioner argues, a portion of the amount distributed from her IRA in 2000 may be exempt from tax pursuant to section 643(a) of the Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, 115 Stat. 38.[4]

---

[4]The Economic Growth and Tax Relief Reconciliation Act of 2001 Pub. L. 107-16, sec. 643(a), 115 Stat. 122, provides:

(a) Rollovers From Exempt Trusts.--Paragraph (2) of section 402(c) (relating to maximum amount which may be rolled over) is amended by adding at the end the following: "The preceding sentence shall not apply to such distribution to the extent--

(continued...)

Petitioner has not provided any documentary evidence to substantiate her claim as to the origins of the IRA distributions. During petitioner's testimony she was unable to identify or recall any specific transfers from her deceased spouse's section 401(k) plan into her IRA. Further, the statutory provisions permitting the rollover of after-tax contributions from a section 401(k) plan to an IRA was not allowed until the Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, 115 Stat. 123, was made effective on January 1, 2002. The rollover in this case would have occurred during 1999. Therefore, under the law in effect at that time, petitioner could not have rolled over after-tax contributions from a section 401(k) plan into her IRA. Thus, the total amount of the IRA distributions, $11,400, made during taxable year 2000 by Educational Systems Employees Credit Union to petitioner is required to be reported in petitioner's 2000 gross income. Respondent's determination on this issue is sustained.

---

[4](...continued)
        "(A) such portion is transferred in a direct
    trustee-to-trustee transfer to a qualified trust which
    is part of a plan which is a defined contribution plan
    and which agrees to separately account for amounts so
    transferred, including separately accounting for the
    portion of such distribution which is includible in
    gross income and the portion of such distribution which
    is not so includible, or

        "(B) such portion is transferred to an eligible
    retirement plan described in clause (i) or (ii) of
    paragraph (8)(B).".

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.
